**Charles Lee THOMAS, Petitioner,**

v.

**Donald WYRICK, Warden, Respondent.**

**No. 79–928C(1).**

United States District Court,
E. D. Missouri, E. D.

Aug. 11, 1981.

Charles Lee Thomas, pro se.

John C. Reed, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM

WANGELIN, Chief Judge.

This habeas action is before the Court following a remand from the Eighth Circuit Court of Appeals. *Thomas v. Wyrick*, 622 F.2d 411 (8th Cir. 1980).

Petitioner Charles Lee Thomas, a Missouri state prisoner, was convicted of second degree murder in the Circuit Court of St. Charles County, Missouri. On July 30, 1979,

he filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. He alleged that his state conviction is constitutionally infirm because the trial court violated his right to have character witnesses testify in his behalf because their identities had not been disclosed earlier in the proceedings. The respondent warden of the Missouri State Penitentiary argued that petitioner had failed to exhaust his available state court remedies. 28 U.S.C. § 2254(b) and (c). This Court agreed and on November 27, 1979, dismissed the action without prejudice. On appeal the Court of Appeals agreed that petitioner had failed to exhaust his available state court remedies, but required this Court to retain jurisdiction while petitioner pursued his post-conviction relief under Missouri Supreme Court Rule 27.26 in a proceeding then pending in the state circuit court.

On October 15, 1980, a hearing was held in the Circuit Court of St. Charles County on petitioner's Rule 27.26 motion. In a written opinion issued on February 20, 1981, the circuit court denied relief. On March 12, 1981, petitioner Thomas filed a motion in this Court for the respondent to show cause why his federal habeas proceedings should not be reinstated and a hearing granted. On May 19, 1981, the respondent warden advised the Court that on March 5, 1981, petitioner filed a notice of appeal to the Missouri Court of Appeals from the denial of the Rule 27.26 relief. That appellate proceeding is still pending. The Court has been informed by the Missouri Attorney General's Office and by counsel representing petitioner in the state courts that the petitioner's appellate brief is due on August 25, 1981. The state's brief will be due thirty days thereafter. According to petitioner's counsel, oral argument will likely be heard by the Missouri Court of Appeals in its spring 1982 term and a ruling thereafter. If appellate relief is denied, petitioner will likely appeal to the Supreme Court of Missouri. Thus, it appears that a final determination of petitioner's federal post-conviction claim by the state courts will not occur soon. Because the instant federal habeas petition has been pending since 1979, this Court believes it appropriate to decide the federal habeas claim on its merits at this time.

Petitioner alleges he was denied a fair trial, because he was not allowed to have certain witnesses testify in his behalf. Petitioner's prosecution began on July 29, 1976, with the filing of an information charging him with murder. Also on July 29, 1976, the state filed written requests for the disclosure of evidence under Missouri Supreme Court Rules 25.31 (which sets the time periods for filing and responding to the requests), 25.34 (which describes the categories of information the defendant is required to provide the state upon its request), 25.36 (which describes how the disclosure is to be made), and 25.37 (which provides for a continuing duty to disclose). Among the categories of information called for by the state's request was:

> 2. The names and last known addresses of persons other than defendant, who the defendant intends to call as witnesses at any hearing or trial, together with their written or recorded statements, and existing memoranda reporting or summarizing part or all of their oral statements.

(Resp.Exh. A, 8–A) On September 21, 1976, petitioner Thomas filed a similar request for information. (*Id.*, 9) On November 4, another similar request for discovery by the defendant was filed. (*Id.*, 13) In the proceedings held on that date the Court ordered defendant to comply with the state's evidentiary request within fifteen days. Defense counsel did not object to this order. (*Id.*, 17–18) Not until January 3, 1977, the day before trial, did defense counsel indicate that he wished to call several character witnesses. The name of one of these witnesses was given to the prosecutor who objected to the defendant being allowed to call these witnesses. In response to the prosecutor's objection, defense counsel indicated that when the Court order was originally entered, the defendant had no intention of calling any witnesses except himself. However, a "tentative" decision was made to call character witnesses and he so advised the prosecutor "by means of a

stray comment" the week before trial. Defense counsel continued:

> At that time I didn't know any names and addresses. I didn't have a firm intention anymore than I have one this morning to call character witnesses. There is a drawback to my point of view for calling character witnesses which I shouldn't discuss now and it is a decision I haven't made yet. I haven't violated the court order in my opinion as to disclosing any witnesses I intend to call. I obtained the names of several potential character witnesses from Mr. Thomas over the weekend. I contacted Mr. Fredrick Peters yesterday. The chief of security at City Hospital One in St. Louis and I advised Mr. Seibel [the prosecutor] of that information within a couple of hours after I spoke to Mr. Peters. I have three other names. One of which I have mentioned to Mr. Seibel. Clark is a deputy sheriff in the St. Charles County Sheriff's Department and who hasn't yet been approached on the subject yet. He was furnished to me late yesterday afternoon by Mr. Thomas. There are two police officers working in St. Louis from eleven to seven. Anthony "Columbo" and Officer Schultz whose first name I don't know. It is an eleventh hour decision and one the defendant is entitled to make and is entitled to reserve some trial strategy until the beginning of trial and I realize it leaves Mr. Seibel at a disadvantage but it shouldn't preclude the defendant from calling character witnesses. It is to protect the State from surprise witnesses and to allow the State to prepare to rebut surprise witnesses. The State has had the question of Mr. Thomas' character in mind throughout its preparation for today, and additionally these men are available—the testimony of the men will be brief and simply deal with their experience with him and in a limited relationship and will deal with their opinions as to his reliability and character and integrity and I don't see how the State is prejudiced by that.

(*Id.*, 117–118) After listening to argument on both sides, the trial court interpreted the rule as requiring disclosure of any possible witness who might be called at trial. The Court forbade petitioner from calling his character witnesses, unless changed circumstances occurred:

> Furthermore, I am going to take the matter as submitted now. I am going to reserve a ruling on this matter in the event that under some circumstances that isn't foreseen at this point it should be permissible to call these witnesses, but at this point the Court would be inclined to believe that this issue of character witnesses would be one which a defendant in any criminal case, and particularly this case of murder in the first degree is one in which the names of these witnesses should have been known and available and furnished to the prosecutor more than one day in advance of the trial. In any trial preparation—you express now, Mr. Gross, some statement to the effect that this is a tentative decision or not a firm intention on your part even at this time to call these witnesses—which I think would 'fly in the face of the rule, attempting to apply fairness to · both a defendant and to the State and trial preparation. And in that basic fairness it would appear to the Court to be unfair to permit calling of these witnesses at this time. That is my ruling at this time but I want it understood that if there are any unusual circumstances that may come up that may make these witnesses proper you may call that to the attention of the Court and make the request at a later time. I am making the ruling now so you will know how to conduct the voir dire and opening statement so you won't be caught off guard by saying something not in evidence later.
>
> MR. GROSS: I am unable to anticipate any unusual circumstances that would change, in fairness to Mr. Seibel and in this light I think it is best for the defendant's trial strategy to abandon the subject of character witnesses. . . . I had no contact with any character witnesses before yesterday and in a couple of hours I advised Mr. Seibel who I contacted and I

think the defendant will be prejudiced if the trial shapes up in a manner that would make it advantageous to call character witnesses and he is unable to call them.

THE COURT: The Court has ruled and I will reserve my further ruling upon any specific requests that you may make later.

(*Id.*, 120–123) At trial defendant testified in his own behalf and offered no further evidence. (*Id.*, 343–380)

A hearing was held in the state circuit court on petitioner's Rule 27.26 motion for post-conviction relief on October 15, 1980. Petitioner called only trial defense counsel Michael Gross as a witness. He testified that on the day before trial he notified the prosecutor of his intention to call one or more character witnesses for the defense. Petitioner Thomas was a security guard at St. Louis City Hospital No. 1 at the time of his arrest and he had no prior criminal record. Mr. Gross testified that he wanted to call the character witnesses to establish petitioner's reputation for integrity and truthfulness. He believed that it was a case which called for the use of character witnesses. He stated that he had no excuse for not having decided to use the character witnesses until the day before trial. Even then he did not have the witnesses' names until either that day or the day before and he contacted the prosecutor almost immediately.

Attorney Gross further testified that he had originally planned to conduct Thomas' defense without character witnesses. After the trial court prohibited him from calling the character witnesses, he returned to his original plan of defense. There was no change in circumstances which would allow for the calling of the character witnesses, as the trial court had ruled. (Resp.Exh. M, 5–19)

On cross-examination attorney Gross testified that he had been involved in the case as early as mid-1976 and had represented petitioner in the preliminary hearing. He further testified that petitioner had supplied him with the names of four possible character witnesses. However, Mr. Gross never spoke with any of them, except Mr. Peters. None of the prospective character witnesses were subpoenaed. (*Id.*, 22) Again, attorney Gross testified that he had no conversation with these witnesses, except Mr. Peters who stated Thomas had been an exemplary and well-trusted employee. Mr. Peters spoke very highly of petitioner. (*Id.*, 24–25) He testified that he would have interrogated all of the witnesses concerning petitioner's reputation for truthfulness and integrity. Among these witnesses, Deputy Clark was a St. Charles County jailer who came to know petitioner only during petitioner's incarceration in the case from March of 1976 until January of 1977. (*Id.*, 36)

On February 20, 1981, Circuit Judge David A. Dalton denied petitioner's Rule 27.26 motion. He ruled that the trial court did not violate petitioner's right to a fair trial by precluding the use of character witnesses. He specifically found as follows:

The trial court's ruling did not prohibit the defendant from calling character witnesses, but rather was provisional only to the effect of protecting voir dire and opening statements and that a definitive ruling was reserved until such time, if ever, the defendant wanted to call character witnesses during the course of the trial; that the trial lasted three days; that Movant was the only witness in his own behalf; and that no attempt was made to call character witnesses, nor was the subject mentioned further during the trial.... [N]o attempt to call character witnesses was made, so that the court could rule; [and] that defense counsel, on page 122 of the transcript, made the reference to defendant's trial strategy to abandon the subject of character witnesses....

(Resp.Exh. J) These findings are presumed to be correct. 28 U.S.C. § 2254(d); *see Sumner v. Mata*, 449 U.S. 539, 544–45, 101 S.Ct. 764, 768, 66 L.Ed.2d 722, 730 (1981); *Johnson v. Wyrick*, 653 F.2d 1234 (8th Cir. 1981).

■ This Court concludes from the record of this action that the action of the trial court in its ruling with respect to petitioner's character witnesses did not deny him a fair trial or due process under the United States Constitution.

■ The pretrial disclosure rules of the Missouri Supreme Court in criminal cases which required petitioner to disclose his character witnesses prior to trial do not violate the Fifth Amendment, because the rules allow for reciprocal discovery from the state. Mo.R.Crim.Pro. 25.32 and 25.34. *See also Cox v. Wyrick*, 642 F.2d 222, 225 (8th Cir. 1981). The record clearly indicates that on the day before trial defense counsel for the first time raised with the trial court the possibility of calling character witnesses for the defense. The trial court properly exercised its discretion in refusing to allow these witnesses to be called, unless the circumstances changed. Defense counsel made no specific offer of proof as to what these witnesses would testify to and, in fact, had spoken briefly to only one of the witnesses and subpoenaed none of them to testify. The importance and relevance of the witnesses' testimony to the petitioner's case could not be assessed. As the trial court recognized, the prosecutor was placed at a distinct disadvantage by not having sufficient time to prepare a case for rebuttal. The record indicates that prior to the close of petitioner's case, leave to call the character witnesses was not asked of the Court.

The trial evidence indicated that the victim, Jeanette Whit, was shot and killed with a gun owned by petitioner. Her partially clad body was found at night by police along railroad tracks in St. Charles County. The police captured petitioner and one Carol Boyd after an automobile chase from where Ms. Whit's body was found. In a statement made to police after his arrest, petitioner stated that his weapon was discharged accidentally. At trial petitioner repudiated the statement he made to police and testified that, while standing next to his automobile which became stuck on the railroad tracks, he heard gunshots from another source and did not know who fired the fatal shot.

Ms. Boyd testified at trial that petitioner and Ms. Whit exited the automobile on the tracks and he told Ms. Boyd to turn the car radio volume up. Shortly thereafter Ms. Boyd heard what sounded like a firecracker, Thomas returned to the car, and Ms. Whit was seen sitting on the ground. Ms. Boyd also testified that petitioner drove the automobile away and appeared to throw something from the window. She testified that she heard Ms. Whit call petitioner's name.

This Court believes that the trial court's order precluding petitioner's use of character witnesses did not result in a denial of either a fair trial or of due process. The generally stated purpose of these witnesses was, as defense counsel told the trial court, to show petitioner as a truthful person of high integrity. However, petitioner's own testimony at trial was at times inconsistent. He did not deny that Ms. Whit was killed by his weapon. He admitted fleeing the scene with Ms. Boyd in the automobile and leaving Ms. Whit on the railroad tracks. This Court concludes from the trial record that the lack of character witnesses did not result in any substantial prejudice to defendant's case.

After considering the record of the state court proceedings, the Court finds and concludes that the ruling of the trial court precluding petitioner from calling character witnesses unless there was a change in circumstances did not violate his constitutional rights. The petition for a writ of habeas corpus will be denied.