STATE OF NEBRASKA, APPELLEE, V. THOMAS E.
FREEMAN, APPELLANT.

322 N.W.2d 437

Filed July 23, 1982. No. 81-794.

Thomas E. Freeman, pro se.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is a post conviction action. The defendant's "petition for reduction of sentence" was treated as an application for post conviction relief. The District Court denied post conviction relief, and the defendant has appealed.

The defendant was found guilty of second degree murder by a jury on April 14, 1977, and was sentenced to life imprisonment. On direct appeal to this court, among other alleged errors, the defendant contended that his sentence was excessive. The conviction and sentence were affirmed by this court in *State v. Freeman,* 201 Neb. 382, 267 N.W.2d 544 (1978).

On September 11, 1981, defendant filed a petition for reduction of sentence and two briefs arguing that his sentence was excessive. The District Court found that the issues raised had already been passed upon by this court in the direct appeal and denied post conviction relief.

Matters relating to sentences imposed within statutory limits or matters already litigated in the di-

rect appeal are not a basis for post conviction relief. *State v. Walker,* 197 Neb. 381, 248 N.W.2d 784 (1977); *State v. Shepard,* 208 Neb. 188, 302 N.W.2d 703 (1981).

The defendant's contention that excessive sentence issues may be litigated again if there are some allegations of constitutional grounds has been answered adversely to the defendant in *State v. Leadinghorse,* 192 Neb. 485, 222 N.W.2d 573 (1974).

A motion for post conviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. *State v. Peery,* 208 Neb. 639, 305 N.W.2d 354 (1981).

AFFIRMED.