Charles Lee THOMAS, Appellant,

v.

Donald W. WYRICK and John Ashcroft, Attorney General of State of Missouri, Appellees.

No. 81–2031.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1982.

Decided August 20, 1982.

Certiorari Denied Jan. 24, 1983.

See 103 S.Ct. 824.

Andrew F. Puzder, St. Louis, Mo., for appellant Charles Lee Thomas.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ROSS, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

STEPHENSON, Senior Circuit Judge.

The central issue in this habeas corpus action is whether a trial court ruling which precluded the testimony of character witnesses for a criminal defendant as a sanction for noncompliance with a pretrial discovery order violated petitioner's rights under the compulsory process clause of the Sixth Amendment to the United States Constitution. The district court[1] denied petitioner's requested habeas corpus relief under 28 U.S.C. § 2254, concluding that the exclusion of character witnesses did not substantially prejudice his case and did not violate his rights under the Sixth Amendment. We affirm the district court.

Petitioner Charles Lee Thomas, a Missouri state prisoner, was convicted on February 11, 1977, of murder in the second degree, for which he is currently serving a fifty-five year sentence. The murder incident, which occurred on the evening of March 19, 1976, was just the beginning of a long path of judicial proceedings which have occupied various courts for six years. On July 29, 1976, the day an information was filed charging Thomas with murder, the state also filed a discovery request pursuant to Missouri Supreme Court Rules 25.31, 25.34, 25.36 and 25.37, V.A.M.R. (now Rules 25.02, 25.05, 25.07 and 25.08), seeking the names and last known addresses of the persons the defendant intended to call as witnesses. The state filed a similar discovery request on November 4, 1976, and the trial court ordered that the defendant comply with the state's request within fifteen days. Not until January 3, 1977, the day before trial, did defendant's counsel verbally indicate that he might call character witnesses. The prosecutor objected to the defendant calling these witnesses because their identities had not previously been disclosed pursuant to the pretrial discovery order.

Defense counsel argued that he had not violated the court order to comply with the discovery request, since at the time of the order he had no intention of calling any witness other than defendant. "It is an eleventh hour decision," he said, and even then, he did not have a firm intention to call character witnesses. He advised the court that the testimony of the character witnesses "will be brief and simply deal with their experience with him [defendant] and in a limited relationship and will deal with their opinions as to his reliability and character and integrity and I don't see how the State is prejudiced by that."

The court determined that the Missouri discovery rule could not be interpreted as defendant suggested—it would reserve an intention to call witnesses, allowing counsel to call any witness he wished at the time of trial. The court stated that the only fair interpretation of the rule must be that the parties reveal all possible witnesses, and counsel may then elect to call or not call a particular witness at the time of trial. The court concluded that at that time, its ruling was that character witnesses could not testify, but that it would reserve a further ruling in case of any change in circumstances.

Defendant testified on his own behalf at trial and offered no further evidence. The issue of character witnesses never arose again during the trial. Defendant did not make an offer of proof stating what the witnesses would have testified to had they been allowed to appear.

Thomas was convicted of second-degree murder in the trial court, and the Missouri Court of Appeals affirmed. *State v. Thomas*, 579 S.W.2d 145 (Mo.App.1979). Petitioner sought federal habeas relief in the United States District Court for the Western District of Missouri. The district court, adopting the magistrate's report and recommendation, dismissed Thomas' petition without prejudice for failure to exhaust state court remedies. The district court concluded that Thomas had never presented to the state courts his claim that the exclusion of character witnesses violated his federal constitutional rights, but rather had relied upon an abuse of discretion theory in the state courts. The United States Court

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri. Memorandum published at 520 F.Supp. 139 (E.D.Mo.1981).

of Appeals for the Eighth Circuit affirmed, similarly concluding that federal collateral review was premature. *Thomas v. Wyrick*, 622 F.2d 411 (8th Cir. 1980). This court remanded to the district court, with a direction to hold the case on its docket pending a determination by the state courts of the federal constitutional claim.

Petitioner filed a state habeas corpus action in St. Charles County Circuit Court, pursuant to Missouri Supreme Court Rule 27.26, which was denied on February 20, 1981. On March 5, 1981, petitioner filed a notice of appeal to the Missouri Court of Appeals from the denial of the Rule 27.26 motion.

On March 12, 1981, petitioner filed a motion with the United States District Court for the Eastern District of Missouri to show cause why his federal habeas proceeding should not be reinstated and a hearing granted. Although a decision by the Missouri Court of Appeals was pending, the district court, noting that "a final determination of petitioner's federal post-conviction claim by the state courts will not occur soon," proceeded to deny petitioner's claim on the merits. *Thomas v. Wyrick*, 520 F.Supp. 139, 140 (E.D.Mo.1981). The trial court's order, it concluded, "did not result in a denial of either a fair trial or of due process." The lack of character witnesses, the court said, "did not result in any substantial prejudice to defendant's case." *Id.* at 143.

Petitioner appealed the district court decision to this court on August 18, 1981. In an unpublished opinion on January 26, 1982, the Missouri Court of Appeals denied petitioner's appeal from the state habeas corpus decision, stating that the issue of petitioner's denial of a fair trial had previously been considered by the court on appeal from the original trial. Finally, on March 19, 1982, the Missouri Court of Appeals

denied petitioner's motion pursuant to Missouri Supreme Court Rule 83.02 for rehearing or transfer to the Missouri Supreme Court.

Petitioner now asks this court to directly address the issue of whether the trial court's ruling to exclude character witnesses violated petitioner's right to compulsory process under the Sixth Amendment. The particular facts of this case, however, make it unnecessary to decide the potential constitutional conflict. Although we have considered the serious constitutional issue presented, the procedural history of this case dictates our result. Specifically, we address four issues: (1) whether petitioner has exhausted his state court remedies; (2) whether the trial court's ruling was provisional or final; (3) the effect of petitioner's failure to make an offer of proof; and (4) the potential conflict between the exclusion sanction and the compulsory process clause.

## I. EXHAUSTION OF STATE REMEDIES

■ As a matter of comity, federal courts have traditionally not considered claims in a habeas corpus petition until the states have had an opportunity to act. *Ex Parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). Recently, the Supreme Court has emphasized the necessity of exhausting state remedies before the federal courts will collaterally review a case. *See Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We hold that Thomas has exhausted his state court remedies.[2] Petitioner's 83.02 motion for rehearing or transfer to the Missouri Supreme Court has been denied. The statute of limitations has run for petitioner to request a transfer to the Missouri Supreme Court pursuant to Mo.R.Civ.P. 83.03, which requires that such an application be made within fifteen days after the court of ap-

---

**2.** Although both parties argue that petitioner had not exhausted his state remedies at the time the district court decided the case on the merits, we need not reach that issue. Subsequent to the decision by the district court, the Missouri Court of Appeals rendered its decision on the merits and then denied petitioner's 83.02

motion for rehearing or transfer. It would be fruitless to again remand this case to the district court for another decision on the merits if we were to decide that petitioner has now exhausted his state remedies but had not yet exhausted them at the time of the district court decision.

peals denies the 83.02 motion. The only state remedy currently available to Thomas is an out-of-time motion for transfer pursuant to Mo.R.Civ.P. 84.08, which allows the court to suspend or modify its rules "when justice so requires."

In *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), this court held that because of the discretionary nature of the 84.08 procedure, and the Missouri court's record of seldom granting such motions, such an untimely motion is not required to exhaust state remedies. We recently reaffirmed that holding in *Adail v. Wyrick*, 671 F.2d 1218 (8th Cir. 1982), in which petitioner had failed to file a motion for transfer under *either* Mo.R.Civ.P. 83.02 or 83.03 and the court decided that, due to the discretionary nature of the rule, petitioner was not required to file an untimely motion for transfer under 84.08. These cases govern our holding today that petitioner has now exhausted his state court remedies. *See also Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir. 1980).

## II. PROVISIONAL NATURE OF THE RULING

On the day before trial, petitioner's counsel informed the prosecutor that he might wish to call character witnesses on petitioner's behalf. On the morning the trial commenced, the prosecutor objected to the defendant calling these witnesses because their identities had not previously been disclosed pursuant to the pretrial discovery order. After brief argument by counsel concerning the relevant Missouri discovery rules, the following discussion occurred:

THE COURT: Furthermore I am going to take the matter as submitted now. I am going to reserve a ruling on this matter in the event that under some circumstance that isn't foreseen at this point it should be permissible to call these witnesses, but at this point the Court would be inclined to believe that this issue of character witnesses would be one which a defendant in any criminal case, and particularly this case of murder in the first degree is one in which the names

of these witnesses should have been known and available and furnished to the prosecutor more than one day in advance of the trial. In any trial preparation—you express now, Mr. Gross, some statement to the effect that this is a tentative decision or not a firm intention on your part even at this time to call these witnesses—which I think would fly in the face of the rule, attempting to apply fairness to both the defendant and to the State in trial preparation. And in that basic fairness it would appear to the Court to be unfair to permit calling of these witnesses at this time. That is my ruling at this time but I want it understood that if there are any unusual circumstances that may come up that may make these witnesses proper you may call that to the attention of the Court and make the request at a later time. I am making the ruling now so you will know how to conduct the voir dire and opening statement so you won't be caught off guard by saying something not in evidence later.

MR. GROSS [defense counsel]: I am unable to anticipate any unusual circumstance that would change, in fairness to Mr. Seibel [prosecutor] and in this light I think it is best for the defendant's trial strategy to abandon the subject of character witnesses.

Later, the court stated that it had ruled, and that it would reserve its "further ruling upon any specific request that you [defense counsel] may make later." Defense counsel never made such a request; indeed, the issue of character witnesses never arose again during the trial.

On direct appeal, the Missouri Court of Appeals found the following:

The trial court conditionally excluded such testimony due to appellant's non-compliance with the Rules of Discovery. The court provided, however, that an exception to the ruling would be made if unusual circumstances occurred during the progress of the trial. Despite the latitude offered by this ruling, appellant's counsel announced his abandonment of this aspect of his trial strategy.

*State v. Thomas,* 579 S.W.2d 145, 148 (Mo. App.1979) (citation omitted).

Similarly, in the state post-conviction proceeding, the Missouri state circuit court found as follows:

> [T]he trial Court's ruling did not prohibit the defendant from calling character witnesses, but rather was provisional only to the effect of protecting voir dire and opening statements and that a definitive ruling was reserved until such time, if ever, the defendant wanted to call character witnesses during the course of the trial; that the trial lasted three days; that Movant was the only witness in his own behalf; and that no attempt was made to call character witnesses, nor was the subject mentioned further during the trial.

■ It is a close question whether the trial court's ruling was provisional or final. Petitioner's argument that in the absence of unusual circumstances, the ruling was final, has merit. Nevertheless, every court that has previously considered this case has regarded the trial court ruling as provisional. The state court findings are presumed to be correct. 28 U.S.C. § 2254(d). *See Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We cannot say that the state court's determination that the ruling was provisional is not fairly supported by the record. Likewise, the record supports the state court conclusion that petitioner abandoned the issue of introducing character witnesses following the trial court's provisional ruling.

## III. OFFER OF PROOF

■ On direct appeal, the Missouri Court of Appeals specifically found that petitioner "declined the opportunity to make an offer of proof regarding the testimony of the proposed character witness." *State v. Thomas, supra,* 579 S.W.2d at 148. As a result, the court concluded it was "unable,

as was the trial court, to appraise the degree of prejudice which could have potentially inured to the State." *Id.* An offer of proof serves dual purposes: (1) to inform the court and opposing counsel of the substance of the excluded evidence, enabling them to take appropriate action; and (2) to provide an appellate court with a record allowing it to determine whether the exclusion was erroneous and whether appellant was prejudiced by the exclusion. *See* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 103[03] (1981). Although defense counsel testified in petitioner's post-conviction 27.26 proceeding as to the importance of introducing character witnesses, this was of no assistance to the trial court in deciding whether to admit or exclude the evidence. Even at the 27.26 proceeding, defense counsel offered little insight into the substance of the excluded testimony—he had only spoken to one of the four potential witnesses, and to him only briefly. Petitioner's failure to make an offer of proof prevented both the trial court and subsequent appellate courts from assessing the prejudice, if any, caused by excluding the character witnesses.

## IV. THE COMPULSORY PROCESS CLAUSE

The Sixth Amendment guarantees a defendant in a criminal case the right "to have compulsory process for obtaining witnesses in his favor." The Supreme Court has applied the right to compulsory process to the states as a fundamental element of due process. *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). At the same time, a liberal system of reciprocal discovery has been a central feature of modern criminal practice in both the federal and state courts.[3] The purpose of such discovery is to "permit thorough preparation for trial and minimize surprise at trial."[4] Discovery orders, like any other

3. *See Wardius v. Oregon,* 412 U.S. 470, 473–74, 93 S.Ct. 2208, 2211–12, 37 L.Ed.2d 82 (1973); *Williams v. Florida,* 399 U.S. 78, 81–82, 90 S.Ct. 1893, 1895–96, 26 L.Ed.2d 446 (1970). *See also* Brennan, *The Criminal Prosecution: Sporting Event or Quest for Truth?,* 1963 Wash.U.L.Q. 279.

4. Standards for Criminal Justice § 11–1.1(a)(iii) (2d ed. 1978).

procedural requirement, necessitate a means of enforcement. Most states,[5] including Missouri,[6] have provided for exclusion of the evidence the offending party has failed to disclose as a sanction for the violation of a discovery rule.[7]

 States have traditionally been afforded substantial latitude in fashioning their own rules of evidence and criminal procedure. *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir. 1976). As this court has commented, "questions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases." *Id.* at 385. Nevertheless, state courts must, of course, observe constitutional boundaries.

In this case, petitioner alleges a conflict between the exclusion sanction for noncompliance with discovery rules and the right to compulsory process under the Sixth Amendment. The Supreme Court has expressly disavowed any opinion on whether the exclusion of evidence as a sanction for enforcing discovery rules violates the Sixth Amendment. *Williams v. Florida*, 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 1897 n.14, 26 L.Ed.2d 446 (1970). *See also Wardius v. Oregon*, 412 U.S. 470, 472 n.4, 93 S.Ct. 2208, 2211 n.4, 37 L.Ed.2d 82 (1973).[8] Two other courts of appeals have directly addressed the constitutional[9] implications of this conflict.[10] In *United States v. Davis*, 639 F.2d 239 (5th Cir. 1981), the Fifth Circuit held that "the compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants." *Id.* at 243. The Eleventh Circuit applied *Davis* in *United States v. Watson*, 669 F.2d 1374 (11th Cir. 1982).[11]

We do not believe this is the appropriate time to address the difficult constitutional

---

**5.** *See generally* Norton, *Criminal Discovery: Experience Under the American Bar Association Standards*, 11 Loy.U.Chi.L.J. 661, 709 (1980).

**6.** Mo.R.Crim.P. 25.16.

**7.** Similarly, Rule 16(d)(2) of the Federal Rules of Criminal Procedure provides that if a party fails to comply with disclosure requirements, "the court may * * * prohibit the party from introducing evidence not disclosed." The American Bar Association in its Standards for Discovery and Procedure Before Trial has deliberately omitted exclusion of evidence as a sanction for noncompliance with discovery orders. The commentary to § 11–4.7 states:

> The exclusion sanction is not recommended because its results are capricious. Thus, exclusion of prosecution evidence may produce a disproportionate windfall for the defendant, while exclusion of defense evidence may lead to an unfair conviction. Either result would defeat the objectives of discovery. In addition, the exclusion of defense evidence raises significant constitutional issues.

Standards for Criminal Justice, *supra*, § 11–4.7 commentary at 67–68.

**8.** However, in *Wardius* the Court held that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. 412 U.S. at 472. *Wardius* was applied retroactively in *United States ex rel. Hairston v. Warden, Illinois State Penitentiary*, 597 F.2d 604 (7th Cir. 1979). The Missouri

Rules of Criminal Procedure appear to comport with Fifth Amendment constitutional standards because the rules provide for reciprocal discovery. Mo.R.Crim.P. 25.03, 25.05. *See Cox v. Wyrick*, 642 F.2d 222, 225 (8th Cir. 1981).

**9.** Exclusion of witnesses as a sanction to enforce discovery rules has more frequently been challenged on appeal as an abuse of the trial court's discretion. *See, e.g., United States v. Fitts*, 576 F.2d 837, 839 (10th Cir. 1978); *United States v. White*, 583 F.2d 899, 901–02 (6th Cir. 1978); *United States v. Barron*, 575 F.2d 752, 757 n.5 (9th Cir. 1978). *See also United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977) (abuse of discretion *not* to exclude government witnesses).

**10.** At least one federal district court has directly addressed the issue. In *United States ex rel. Veal v. Wolff*, 529 F.Supp. 713 (N.D.Ill.1981), a habeas corpus action, the court held that the state trial court had violated the criminal defendant's Sixth Amendment right to compulsory process when it excluded the testimony of an alibi witness for failure to comply with an Illinois notice-of-alibi statute. The court also held the exclusion fundamentally unfair and in violation of the Due Process Clause. The court found the constitutional error was not harmless beyond a reasonable doubt. *Id.* at 726.

**11.** *Cf. Alicea v. Gagnon*, 675 F.2d 913 (7th Cir. 1982) (exclusion of alibi testimony by the *defendant* held unconstitutional).

questions posed by the alleged conflict between the Missouri discovery rules and the compulsory process clause. Because of the provisional nature of the trial court ruling, petitioner's abandonment of the issue of character witnesses, and the failure of counsel to make an offer of proof, petitioner has not presented a proper case to review the constitutionality of the trial court ruling.

Nevertheless, even if the trial court's exclusion of character witnesses were deemed to be constitutional error, it would not affect the result in this case. If there were constitutional error, it would be "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The state had a strong case against Thomas. On the evening of March 19, 1976, Jeannette Whit was found dead, partially nude, along the railroad tracks. The facts adduced at trial revealed that the victim was shot and killed with a gun owned by Thomas which he had been carrying on the evening of the crime. Petitioner fled the scene of the crime and was apprehended in an automobile chase shortly after the police heard the shot. A passenger in Thomas' car testified that petitioner appeared to throw something out the car window in the flight from the murder scene. The police found the murder weapon lying along the street. Thomas originally told police that his gun discharged accidentally but later repudiated this statement, disclaiming any knowledge of who shot the victim. In light of the state's strong case against Thomas and petitioner's own inconsistent statements, there is no reasonable possibility that the testimony of any character witnesses, garnered at the last minute, would have affected the jury's verdict. The judgment of the district court, dismissing Thomas' petition, is affirmed.

Affirmed.