STATE OF NEBRASKA, APPELLEE, V. GARY W. POPE, APPELLANT.

355 N.W.2d 216

Filed September 21, 1984.   No. 83-956.

Steven Lefler, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Gary W. Pope, appeals from an order entered by the district court for Saunders County, Nebraska, denying him post conviction relief sought pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). After reviewing the record we believe the judgement should be

affirmed.

This is the second time this matter has been before this court. Pope was originally convicted of first degree murder and sentenced to life imprisonment. On direct appeal to this court the decision and sentence were affirmed. See *State v. Pope*, 211 Neb. 425, 318 N.W.2d 883 (1982) (*Pope I*). The facts of the case are set out in detail in *Pope I* and will not be repeated here. The important factor is that the issues raised in *Pope I* are nearly identical to those raised here. In *Pope I* it was claimed that the trial court erred in failing to declare a mistrial on the court's own motion when, during trial, it allegedly became apparent that Pope's trial counsel was acting under an actual conflict of interest. We examined that claim in *Pope I* and found that it was without merit. In this appeal Pope maintains that the trial court erred in two respects: (1) That the court erred in failing to grant post conviction relief because Pope's trial counsel was acting under an actual conflict of interest, and (2) That the trial court, being privy and witness to the various conversations and communications which were the subject matter of the exhibits contained within the post conviction appeal, should have disqualified itself.

We may easily dispose of both matters. The purpose of affording post conviction relief is not to permit the defendant endless appeals on matters already decided. Rather, the purpose is to correct errors of constitutional proportion which could not otherwise be raised on direct appeal, such as ineffectiveness of counsel who brought the direct appeal in the first place. We have repeatedly held that a motion for post conviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. See, *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984); *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983); *State v. Freeman*, 212 Neb. 278, 322 N.W.2d 437 (1982); *State v. Meredith*, 212 Neb. 109, 321 N.W.2d 456 (1982). Furthermore, we have held that a petitioner in a post conviction proceeding may not raise questions which could have been raised on direct appeal unless the questions are such that they would make the judgment of conviction void or voidable under the state or federal Constitution. See, *State v. Hochstein, supra; State v.*

*Stranghoener,* 212 Neb. 203, 322 N.W.2d 407 (1982); *State v. Shepard,* 208 Neb. 188, 302 N.W.2d 703 (1981); *State v. Cole,* 207 Neb. 318, 298 N.W.2d 776 (1980). We have further held that matters already litigated or which *could* have been raised on direct appeal are not properly included in an action seeking post conviction relief. See *State v. Shepard, supra.* Moreover, where an issue is known to the defendant at trial and he fails to raise it in his direct appeal, the appeal is waived. See, *State v. Cole, supra; State v. Fowler,* 201 Neb. 647, 271 N.W.2d 341 (1978).

The record in this case and our opinion in *Pope I* make it clear that all of the above rules are applicable. Pope is not entitled to any post conviction relief because the matters involved in this post conviction action were matters which either had in fact been decided by this court on direct appeal or were matters known to the defendant and therefore could have been raised on direct appeal.

Pope knew that the trial judge had not disqualified himself when he perfected his direct appeal to this court, yet he did not raise that as an error. In passing, we might note that the judge's failure to disqualify himself was not error, see *State v. Herren,* 212 Neb. 706, 325 N.W.2d 151 (1982), which undoubtedly was the reason counsel did not raise the matter on direct appeal, though he now attempts to do so on post conviction relief. In any event, the issue is not one which can now be considered in this post conviction action.

Additionally, we specifically addressed the issue of counsel's alleged conflict of interest in *Pope I* and determined that a conflict did not exist. Pope's counsel in this action, who was the same counsel as in the direct appeal though not the trial counsel, argues that our opinion in *Pope I* was based upon a lack of evidence as to what the specific conflict was and that we now have that evidence; therefore, we should consider granting post conviction relief in spite of our rules to the contrary. We do not believe that that is what we said in *Pope I.* Although we acknowledged in *Pope I* that the record was silent as to what gave rise to a possible conflict of interest or what the results of the weekend activities were, we said: "Nevertheless, the record does disclose that the trial resumed following the weekend recess, and Pope's trial counsel, Troia, went forward with

defense surrebuttal. No objection to the procedure was ever made by anyone, including Mr. Inbody." *State v. Pope*, 211 Neb. 425, 429, 318 N.W.2d 883, 885 (1982). Mr. Inbody had been appointed by the trial court to investigate the possible conflict of interest and had advised Pope on such matters.

We concluded in *Pope I* that " 'the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an *actual* conflict of interest adversely affected his lawyer's performance.' " (Emphasis supplied.) *Id.* at 431, 318 N.W.2d at 886. The missing evidence which is now presented to us and which was not present in the direct appeal is that at the time the murder was being committed, allegedly by another, Pope allegedly was engaged in sexual intercourse with his fiance in the back of the car parked next to where the murder was taking place. Further, Pope claims he knew at the time of his trial who in fact the real killer was, even though he refused to disclose that fact at trial. From all of this we are somehow asked to conclude that his trial counsel had an actual conflict of interest which resulted in counsel being ineffective, thereby entitling Pope to post conviction relief. With the exception of perhaps one other person, no one knew better about what allegedly took place than Pope, and he voluntarily chose not to disclose that to either the trial court or to this court on direct appeal. He could have easily done that when the court interrupted the trial to investigate the potential conflict of interest. The decision not to disclose was made by Pope, who apparently was willing to gamble on the outcome of the trial. This was not a case where Pope wanted evidence adduced or witnesses examined, and his counsel refused, but, rather, a case where Pope, with full knowledge, refused to permit his counsel to disclose the evidence. Having failed to permit his counsel to act, he waived that right on direct appeal and cannot now seek post conviction relief on that ground.

In passing, we should further note that we are at a loss to understand how the social event described by Pope establishes an actual conflict of interest that would have entitled him to any relief on direct appeal, let alone now on post conviction relief.

In view of the fact that the record clearly establishes that Pope is seeking to use post conviction relief as a means of simply relitigating issues already considered on direct appeal, we believe the trial court was correct in refusing to grant any relief and in denying the petition. The judgment of the trial court is affirmed.

AFFIRMED.