STATE OF NEBRASKA, APPELLEE, V. RICHARD POPE, APPELLANT.

330 N.W.2d 747

Filed March 4, 1983. No. 82-143.

John E. North, Jr., P.C., of Fromkin, Herzog, Jabenis & North, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

WARREN, D.J.

Defendant, Richard Pope, appeals from a judgment entered by the District Court of Douglas County, Nebraska, denying his request for post conviction relief, after an evidentiary hearing had been held. We affirm.

Pope was convicted in 1973, in a joint jury trial with his common-law wife, Evelyn Kilgore, of two counts of possession of a controlled substance with intent to deliver. The conviction was affirmed by this court in his direct appeal. *State v. Pope,* 192 Neb. 755, 224 N.W.2d 521 (1974).

The sole basis of Pope's request for an order vacating the judgment and conviction is the claim that he was denied the effective assistance of counsel in that (1) his counsel failed to suppress evidence seized by police in a warrantless search of the house where defendant was apprehended while frantically seeking to flush a considerable quantity of heroin and cocaine down the toilet; (2) his counsel failed to secure a severance of his trial and that of his co-defendant, Evelyn Kilgore; (3) his trial counsel was unprepared; and (4) his counsel was prevented from providing effective assistance by a conflict of interest.

It is well established that one seeking post convic-

tion relief has the burden of establishing the basis for such relief and that the findings of the District Court in denying relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982). The party challenging the adequacy of criminal trial representation has the burden of proof in showing incompetence, if any, therein. *State v. Hunt,* 212 Neb. 214, 322 N.W.2d 621 (1982).

Nebraska employs a two-part test for determining whether an attorney has effectively counseled a criminal defendant. First, counsel must perform at least as well as one with ordinary criminal law skill and training in his or her region. Counsel must also conscientiously protect his client's interests. In addition, defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. *State v. Journey,* 207 Neb. 717, 301 N.W.2d 82 (1981).

Defendant's first two claims of ineffective counsel are simply complaints that counsel was unable to convince the trial court and the Supreme Court that evidence should have been suppressed and that the codefendants should have had separate trials. Both issues were properly raised by counsel for defendant and fully argued. See *State v. Pope, supra.* Failure to prevail in either argument demonstrates the lack of merit in the positions taken by the defendant, rather than the ineffectiveness of counsel.

With reference to the defendant's third claim, we can simply state that the record shows convincingly that trial counsel Edward Fogarty and J. Bruce Teichman, who were retained by defendant to replace his previous attorneys 10 days before trial, were experienced trial attorneys who were sufficiently prepared to vigorously represent defendant and conscientiously protect his interests. Their failure to secure an acquittal of the defendant in the face of overwhelming evidence of guilt presented by

the State is not probative of inadequate preparation or ineffective counsel.

Lastly, defendant claims a conflict of interest because his attorneys, by his own choice, also represented his codefendant, Evelyn Kilgore. "Acquiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not per se violative of the constitutional guarantees of effective assistance of counsel. [Citation omitted.] It is necessary that the appellant show the conflict of interest actually existed." *State v. Kerns,* 203 Neb. 278, 282-83, 278 N.W.2d 348, 350-51 (1979).

Defendant claims that he and his codefendant Kilgore wanted to testify at the trial that the controlled substances were hers alone, thus absolving this defendant, but were prevented from doing so by his attorneys. He submits as proof an affidavit signed by Kilgore on August 27, 1978, nearly 5 years after the conviction of both defendants. "When a trial culminates in a verdict of guilty the temptation is great for a defendant, armed with hindsight, to claim that his lawyer's strategy in not permitting him to run the cross-examination gauntlet was motivated by a conflict of interest. We do not say that such belated assertions are to be ignored. Each case must, of course, be viewed on its own facts. However, in the absence of objective evidence of corroboratory circumstances, such post-trial claims must be viewed with some suspicion . . . ." *United States v. Wisniowski,* 478 F.2d 274, 284 (2d Cir. 1973). Here, the experienced trial judge viewed the decision to allow neither codefendant to testify as showing merely competent counsel exercising sound tactical judgment and nothing more. No conflict of interest is apparent from a careful reading of the record. We find no conflict of interest proven by the defendant and, thus, no prejudice caused by the joint representation.

The decision of the trial court in denying relief is affirmed.

AFFIRMED.