STATE OF NEBRASKA, APPELLEE, v. STEVEN ROY HARPER, APPELLANT.

336 N.W.2d 597

Filed July 22, 1983. No. 82-725.

Richard J. Spethman and Renne Edmunds, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The appellant, Steven Roy Harper, appeals from a judgment entered by the District Court for Douglas County, Nebraska, denying to Harper post conviction relief sought pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979).

Harper was found guilty in 1979 on two counts of first degree murder and three counts of poisoning with intent to kill, wound, or maim. After hearings on the constitutionality of the death penalty and the existence of aggravating and mitigating circumstances, a sentence of death was imposed by the trial court on each of the first degree murder counts and consecutive sentences of 10 years each on the poisoning counts. Harper appealed that judgment and sentence to this court, and in the case of *State v. Harper*, 208 Neb. 568, 304 N.W.2d 663 (1981) (*Harper I*), the convictions and sentences were affirmed.

The details of the murders and poisonings are set out in our former opinion and need not be repeated here.

Thereafter, Harper filed a petition seeking post conviction relief, maintaining that he had not received effective assistance of counsel and that, further, he had not received adequate notice of both the aggravating and mitigating circumstances relied upon by the court in imposing the sentences. He further maintained that the death penalty was in violation of his constitutional rights. As noted above, the trial court rejected all of Harper's claims and he appealed to this court. He assigns as error in this court the fact that the District Court denied his petition for post conviction relief based upon prejudicially ineffective counsel. He also assigns as error that the District Court was wrong in denying his petition for post conviction relief based upon failure to give adequate notice of the aggravating circumstances charged by the prosecutor and relied on by the trial court as the basis for imposing the death penalty in violation of the sixth, eighth, and fourteenth amendments to the U.S. Constitution, and, further, that the imposition of the death penalty violates his rights under the fourteenth amendment to the U.S. Constitution.

We can dispose of his last two issues quickly. The last assignment of error, dealing with the death penalty, was not argued to this court in the post conviction appeal because it was fully argued in *Harper I* and decided by us at that time. We have frequently held that the Post Conviction Act cannot be used as a substitute for a direct appeal or to secure a further review of issues already litigated. See, *State v. Losieau*, 182 Neb. 367, 154 N.W.2d 762 (1967); *State v. Sheldon*, 181 Neb. 360, 148 N.W.2d 301 (1967). With regard to the second assignment of error, our examination of the record discloses that it is wholly without merit. That leaves us, then, with

only the issue of whether Harper was denied effective assistance of counsel.

The basis for the claim of ineffective assistance of counsel is twofold. In the first instance, Harper maintains that he received ineffective assistance of counsel because a defense of insanity was not sufficiently and vigorously pursued. The record simply does not support that claim. We have previously addressed this issue in *State v. Holtan*, 205 Neb. 314, 321, 287 N.W.2d 671, 675 (1980), wherein we said: "Defendant further maintains that counsel was inadequate in that he did not adequately pursue a defense of insanity. The record, however, discloses that counsel not only had the defendant examined by a prominent local psychiatrist but further consulted with psychiatrists in the State of Washington who were familiar with the defendant's condition. That investigation disclosed that while there was evidence of defendant's mental condition, it was not of the type to satisfy the M'Naghten rule followed in this jurisdiction. Even the testimony produced by defendant at the post conviction hearing did not establish grounds upon which the M'Naghten rule could be pursued as a defense. The failure of trial counsel to pursue that defense was not inadequate."

Likewise, in the instant case the record discloses that Harper's trial counsel, Lawrence Corrigan, relied upon the opinion of, at a minimum, five mental health professionals, three of whom saw Harper personally and all of whom concluded that Harper could not successfully assert an insanity defense. At the post conviction hearing no evidence was introduced to support a claim that a defense of insanity would have been either reasonable or successful. Dr. Kentsmith testified at the post conviction hearing on behalf of Harper, "I am not able to state with reasonable medical certainty that Mr. Harper was sane at the time of the crime. There is a great deal of doubt in my mind based on the objective evidence both before the crime and after to suggest that Mr.

Harper may have decompensated into a schizophreniaform [sic] psychotic illness and may not have fully understood the consequences of his act." This evidence is not sufficient to establish that there was a basis for a defense of insanity or that the five mental health specialists consulted by Harper's trial counsel were in error. Nor does the evidence disclose that Corrigan failed in any manner to adequately represent Harper insofar as the defense of insanity was concerned, or that Harper was prejudiced by what was or was not done.

The other aspect of the claim of ineffective assistance of counsel has to do with the fact that Corrigan permitted Harper to advise the court as to the carcinogenic agent used to poison the individuals, including the three who had not died but who could not be adequately treated unless information as to the agent was quickly known. The court permitted Harper to disclose this information but ordered that the fact that he did so could not be used as evidence in the trial. Harper now contends that this was ineffective assistance of counsel. There is simply no basis for that claim. The refusal of Harper to disclose that information would have only served as an aggravating circumstance. To now suggest that Corrigan should not have permitted Harper to disclose the information is totally without basis. The lives of three individuals hung in the balance. Effective assistance of counsel does not require such callous behavior as suggested by Harper.

We have frequently held that the standard for determining whether counsel for criminal defendants provided adequate representation is whether trial counsel performed at least as well as lawyers with ordinary training and skill in criminal law in the area and whether they conscientiously protected the interests of their client. See, *State v. Pope*, 213 Neb. 645, 330 N.W.2d 747 (1983); *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982). The burden of proof in showing incompetence of criminal trial counsel lies upon

the party challenging the adequacy of criminal trial representation. *State v. Hunt*, 212 Neb. 304, 322 N.W.2d 624 (1982). Additionally, the defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. *State v. Pope, supra*; *State v. Hunt, supra*. The evidence in this case fails to disclose either that Corrigan did not act at least as well as lawyers with ordinary training and skill in criminal law in the area or that Harper was prejudiced by any of the claims now made by him. Quite to the contrary, an examination of the record discloses that Corrigan most effectively represented Harper. There simply was no defense to these terrible crimes. The claim of ineffective assistance of counsel is wholly frivolous and without merit.

This case, however, does point up what is becoming an increasingly more difficult task, both for court-appointed counsel, such as those in this case, and this court as well. The difficulty is that, having been appointed, counsel believe that they must make some argument before this court. Oftentimes, as displayed by this case, because trial counsel were indeed so effective, there are no errors to be argued to this court and any appeal is wholly frivolous. Nevertheless, because no errors do in fact exist, appointed counsel on appeal are compelled to make unsupported accusations against trial counsel who were most effective. And this court must then listen to oral argument and write an opinion in a case in which neither oral argument nor a written opinion is necessary or desirable.

It was that very problem which prompted the U.S. Supreme Court in the case of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), to declare that if counsel appointed to represent one seeking leave to appeal in forma pauperis is convinced, after conscientious investigation, that the appeal is frivolous, he may ask to withdraw on that account, and if the court is satisfied that counsel has

diligently investigated the possible ground of appeal and agrees with counsel's evaluation of the case, then it may allow leave to withdraw and deny leave to appeal. See, also, *Ellis v. United States*, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958). If such a procedure can satisfy the requisite state and federal constitutional rights on a direct appeal, then it would appear that it would likewise be satisfactory in a post conviction appeal, where oftentimes the request for review is of matters which have previously been reviewed on direct appeal. It is for that reason we amended the rules of this court to include actions seeking post conviction relief for which a motion to withdraw pursuant to Neb. Ct. R. 3B (Rev. 1982) could be filed. For that reason we urge that where court-appointed counsel in a post conviction case, after careful and conscientious review of the matter, determines that the appeal is wholly frivolous and without merit, counsel may file a motion in this court, pursuant to Rule 3B, requesting leave to withdraw, supported by a brief and an affidavit setting out the fact that counsel has made a thorough and conscientious examination of the record and has determined the appeal to be without merit and wholly frivolous. Then this court may proceed, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If we find it is so wholly frivolous, we may grant counsel's request to withdraw and affirm the judgment. On the other hand, if we find any of the legal points arguable on their merits and therefore not frivolous, we shall, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

In this way we believe that we can provide indigent defendants with full and fair representation, while avoiding the necessity of appointed counsel making unmeritorious and unsupported attacks on the competence of prior trial counsel.

The judgment of the trial court is affirmed.

AFFIRMED.

SHANAHAN, J., concurs in the result.