STATE OF NEBRASKA, APPELLEE, V. JERRY G. OHLER, APPELLANT.

338 N.W.2d 776

Filed September 30, 1983. No. 83-150.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

BOSLAUGH, J.

This is an appeal in a post conviction proceeding.

At the original trial the defendant was convicted of possession of burglary tools and possession of stolen property. He was found to be an habitual criminal, was fined $500, and was sentenced to imprisonment for a term of 15 years. On his direct appeal to this court the defendant contended that the overruling

of his motion to suppress was error. We held that the defendant had consented to the warrantless search, and affirmed the judgment. *State v. Ohler*, 208 Neb. 742, 305 N.W.2d 637 (1981), *cert. denied* 454 U.S. 967, 102 S. Ct. 510, 70 L. Ed. 2d 383.

The defendant then commenced a proceeding for post conviction relief under Neb. Rev. Stat. § 29-3001 (Reissue 1979), alleging that the search had violated his constitutional rights, that his right to procedural due process was denied when the State was permitted to amend the information without a hearing, and that his right to a fair trial was prejudiced by violations of the court's order to sequester the witnesses. Following a review of all the records and bill of exceptions, the trial court found that the defendant was not entitled to relief.

The defendant was represented by Anthony Troia at trial, on the direct appeal, and in the trial court in the first post conviction proceeding. Shortly after the defendant had filed a notice of appeal, pro se, in the first post conviction proceeding, Troia's motion for leave to withdraw was granted by this court and George Brugh was appointed as counsel. The defendant then filed a motion to dismiss the pending appeal, pro se, and the appeal was dismissed.

On January 20, 1983, the defendant commenced the present proceeding, in which he alleged: "2. That during the course of the defendant's trial, the defendant's attorney failed to provide the defendant with effective assistance of counsel in the following particulars:

"a. The defendant's counsel refused to allow the defendant to testify in his own behalf, when under the circumstances, an attorney reasonably competent in such matters, would have, or in the exercise of reasonable care should have, advised and allowed the defendant to testify in his own behalf.

"b. The defendant's counsel failed to object, and failed to make and [sic] adequate and proper record of the fact that during the course of the trial, wit-

nesses for the state discussed their trial testimony in violation of the sequestration order made by the court prior to trial.

"c. The defendant's counsel failed to produce a witness for the defendant who was familiar with the implements alleged to be burglary tools, to testify that said tools would not or could not be used for burglary tools, despite the fact that counsel indicated such a witness would be produced for trial.

"d. The defendant's counsel failed to effectively and properly cross examine the state's witnesses with respect to the defendant's motion to suppress evidence seized from a cardboard box, when such cross examination would have revealed material facts, relevant to the court's decision on the motion to suppress, which would have resulted in the suppression of critical evidence.

"e. That defendant's counsel failed to properly and timely object to the amendment of the information to allege that the defendant was a habitual criminal.

"f. The defendant's counsel failed to properly investigate the validity of prior convictions used by the state to enhance the defendant's sentence under the Habitual Criminal Act, when such investigation would have revealed that the prior convictions were invalid.

"g. That with respect to each of the above, the defendant was denied due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendment to the United States Constitution, which prejudiced the defendant's right to a fair trial, in that each, any or all of such omissions withheld from the jurys [sic] or courts [sic] consideration, relevant evidence which would have created a reasonable doubt where no such doubt may have existed without the benefit of such evidence.

"3. That during the course of the appeal of defendant's conviction, defendant's attorney failed to

provide the defendant with effective assistance of counsel in the following particulars:

"a. The defendant's counsel failed to raise as an issue on appeal, the sufficiency of the evidence to sustain the conviction when reasonable counsel, competent in such matters, would have, or in the exercise of reasonable care should have, presented the issue of the sufficiency of the evidence for review by the Supreme Court.

"4. That during the course of the defendant's previous motion for post-conviction relief, the defendant's attorney failed to provide the defendant with effective assistance of counsel, including, but not limited to the following:

"a. That counsel failed to properly draft and prepare the motion to set aside and vacate the conviction, consistent with the requests of the defendant, by failing to include in said motion, all grounds reasonably available to the defendant for potential post-conviction relief, including all the allegations contained in this petition.

"b. Failed to attend the defendant's post-conviction hearing, and properly prepare and present to the Court all matters that should have been considered on the motion.

"5. That with respect to each of the above deprivations of constitutional rights, such deprivations prejudiced the substantial rights of the defendant, and entitle the defendant to a hearing thereon, and for a determination of the issues with findings of fact and conclusions of law."

On January 26, 1983, the defendant moved to have Creager appointed as his counsel. That motion was overruled, the appointment of Brugh was reconfirmed, and the trial court denied post conviction relief without receiving any evidence and without a hearing on the motions. From that order the defendant has appealed.

The defendant contends the District Court erred in failing to grant him a hearing or an opportunity to

present evidence in support of his request for post conviction relief. He argues that it was error for the trial court to fail to make findings of fact and conclusions of law with respect to his request for post conviction relief.

A motion for post conviction relief can not be used as a substitute for an appeal or to secure a further review of issues already litigated. *State v. Freeman*, 212 Neb. 278, 322 N.W.2d 437 (1982); *State v. Meredith*, 212 Neb. 109, 321 N.W.2d 456 (1982). Once a motion for post conviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion. *State v. Newton*, 202 Neb. 361, 275 N.W.2d 297 (1979); *State v. Haskett*, 194 Neb. 523, 233 N.W.2d 782 (1975).

Under the standards set forth above, a defendant is entitled to bring a second proceeding for post conviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion. A review of the motion filed in the present case reveals that the only ground which was not capable of being raised at the time of the first hearing is the claim defendant's counsel failed to provide effective assistance during the course of the first motion for post conviction relief. All other grounds can not be raised in a second post conviction motion. See *Sims v. State*, 295 N.W.2d 420 (Iowa 1980).

The order overruling the defendant's second motion for post conviction relief filed January 20, 1983, is reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.