STATE OF NEBRASKA, APPELLEE, V. TERRY L. BEAN, APPELLANT.
398 N.W.2d 104

Filed December 19, 1986.    No. 86-541.

Terry L. Bean, pro se.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Terry L. Bean, appeals from the denial of relief under the provisions of the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). He assigns as errors the failure of the district court to (1) find the evidence insufficient to sustain the conviction, (2) find that he should have been allowed to dismiss the deputy public defender assigned to him in the case leading to his conviction, (3) grant him an evidentiary hearing, and (4) find that he was denied the effective assistance of counsel. We affirm.

Pursuant to a plea bargain whereunder the State dismissed a habitual criminal charge and a use of a weapon to commit a felony charge, Bean pled guilty to first degree assault. Such assault is a Class III felony punishable by imprisonment of from 1 to 20 years or a $25,000 fine, or both such imprisonment and fine. Neb. Rev. Stat. §§ 28-308 and 28-105(1) (Reissue 1985). He was thereafter adjudged guilty and sentenced to imprisonment for a term of 3 to 5 years. After that conviction was appealed to this court, Bean's counsel moved to withdraw pursuant to Neb. Ct. R. of Prac. 3B (rev. 1986) on the ground that the appeal was "wholly frivolous and totally without merit." That motion was granted, and the judgment appealed from was affirmed. *State v. Bean*, 221 Neb. xxix (case No. 85-938, Jan. 23, 1986).

As pointed out in *State v. Sanders*, 220 Neb. 308, 369 N.W.2d 641 (1985), relief granted pursuant to rule 3B constitutes the disposition of a direct appeal on its merits, for in such a case this court examines the entire record, not only to resolve those matters which are specifically called to its attention by counsel but also to determine whether any possible errors exist. Therefore, any matter which can be determined from the record on direct appeal is considered when ruling on a motion filed pursuant to rule 3B and is not subject to relitigation in an action brought pursuant to the Postconviction Act.

Bean's first assignment of error, that the evidence was insufficient to support the conviction, and his second assignment of error, that the district court should have permitted him to dismiss the deputy public defender assigned to him, were considered in his direct appeal. Therefore, neither of those assignments is subject to relitigation or further discussion.

This brings us to Bean's third assignment of error, that he was denied an evidentiary hearing in this proceeding.

We begin our analysis of this issue by recalling that in order to state a cause of action for postconviction relief, the motion must allege facts which, if proved, constitute an infringement of a prisoner's constitutional rights; allegations which are mere conclusions are not sufficient. *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986); *State v. Williams*, 218 Neb. 618, 358

N.W.2d 195 (1984); § 29-3001.

Bean's argument in connection with this assignment rests principally on three contentions: (1) that the deputy public defender assigned to him refused to file certain motions Bean requested; (2) that said attorney failed to spend enough time with Bean and personally attend certain hearings; and (3) that said attorney's inadequate performance and conspiracy with the prosecutors in effect coerced Bean's plea.

The first contention fails because the allegations made, even if true, fail to allege facts from which it can be concluded that any such motion had merit, would have been sustained, and would have affected the outcome of the case leading to Bean's conviction. The second contention fails because there are no factual allegations from which it can be concluded that Bean's defense was prejudiced by the failure of his assigned attorney to spend more time with him or by the representation afforded by another member of the public defender's office during certain phases of the underlying case. In fact, Bean suggests at one point in his brief that the substituting attorney was more competent than the one assigned to him. The third contention fails not only because Bean fails to allege any facts from which it can be concluded his assigned attorney was engaged in a conspiracy with the prosecutors but because the record belies the claim that his plea was coerced. Before the district court accepted the plea, Bean assured the court that he was satisfied with his assigned attorney's performance, that he felt he had had enough time to discuss the matter with his attorney, and that, other than for the plea bargain, no one connected with law enforcement had made any threat or promise to induce the plea.

When a motion for postconviction relief and the files and records show that a defendant is not entitled to relief, no evidentiary hearing is required. *State v. Apodaca*, 223 Neb. 258, 388 N.W.2d 837 (1986). This being such a case, the district court was correct in denying Bean an evidentiary hearing.

The foregoing analysis of Bean's third assignment of error disposes of his fourth assignment, that the district court erred in not finding that Bean had been denied effective assistance of counsel.

The judgment of the district court denying postconviction relief, being correct, is hereby affirmed.

AFFIRMED.