STATE OF NEBRASKA, APPELLEE, V. EDGAR L. NANCE, APPELLANT.

418 N.W.2d 598

Filed February 5, 1988.   No. 87-596.

Edgar L. Nance, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HANNON, D.J.

WHITE, J.

This is an appeal from a postconviction order entered by the district court for Douglas County. The district court, following an evidentiary hearing, denied appellant's motion to vacate and set aside judgment and sentence. Appellant had filed the motion for postconviction relief, pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 1985), based on alleged ineffective assistance of counsel at trial and the allegation that his

court-appointed counsel had a conflict of interest.

Following a jury trial in the district court for Douglas County on April 6 and 7, 1983, appellant was found guilty of second degree forgery. Following those proceedings appellant was found to be a habitual criminal and was ultimately sentenced to not less than 12 but no more than 20 years in the Nebraska Penal and Correctional Complex.

In his appeal to this court appellant is apparently alleging that the district court erred in denying him postconviction relief for ineffective assistance of counsel at trial, as well as denying relief based on the conflict of interest issue. In addition, appellant alleges ineffective assistance of counsel at his postconviction hearing.

At the outset we question the propriety of this appeal based on the fact that appellant's postconviction action was probably inappropriate in the first instance. The claims raised by appellant on postconviction were also raised on direct appeal from his conviction. Appellant's direct appeal was disposed of pursuant to Neb. Ct. R. of Prac. 3B (rev. 1983), after his court-appointed appellate defense counsel filed a motion to withdraw because the appeal was considered frivolous. See *State v. Nance*, 216 Neb. xxi (case No. 83-565, Feb. 23, 1984). This court notified appellant of his right to reply and subsequently received a brief from appellant. Appellant's brief directly addressed the above-mentioned issues.

As we have previously stated, the disposition of a direct appeal pursuant to rule 3B is a disposition on the merits. *State v. Sanders*, 220 Neb. 308, 369 N.W.2d 641 (1985). In granting relief pursuant to rule 3B, this court examines the entire record, not only to resolve those matters which are specifically called to the court's attention by court-appointed counsel, but also to determine whether any possible errors exist. Therefore, any matter which can be determined from the record on direct appeal is considered by the Supreme Court when granting relief pursuant to rule 3B and is not available for further relief pursuant to the Nebraska Postconviction Act. *State v. Wilson*, 224 Neb. 721, 400 N.W.2d 869 (1987); *State v. Sanders, supra.*

In any event, appellant was granted a postconviction evidentiary hearing, and the district court denied relief. The

district court heard testimony from appellant's trial counsel on the issues of conflict of interest and ineffective assistance of counsel. The findings of the trial court in a proceeding for postconviction relief will be upheld on appeal unless clearly erroneous. *State v. Broomhall, ante* p. 341, 417 N.W.2d 349 (1988).

When the defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. *State v. Broomhall, supra.* Also, a defendant seeking reversal of a conviction on the basis that counsel's assistance was deficient must establish a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different; a reasonable probability consists of a probability sufficient to undermine confidence in the outcome. *Id.*

Appellant alleged that his trial counsel was ineffective due to his failure to investigate the case adequately and because he failed to cross-examine one of the prosecution's witnesses, Denise Dirks. Counsel testified that he did not cross-examine Dirks because her testimony "related to burglary" of the victim company's stolen checks, and "I didn't see no [sic] need to have her repeat the story to the jury two times since it was totally unrelated to . . . whether or not Mr. Nance uttered a forged instrument. His defense was alibi."

As to the claim of inadequate investigation, counsel stated that he had been "unable to get witnesses from Mr. Nance," but ultimately learned of witnesses Nance wanted called through a letter Nance sent to the court. After reading the letter, counsel had his investigator locate and interview them, and subpoenaed them for the trial. Counsel eventually called six witnesses to verify his client's defense.

The record indicates that appellant's trial counsel did perform as well as a lawyer with ordinary training and skill in

the criminal law in the area given the amount of cooperation he received from his client. The district court's findings were not clearly erroneous as to trial counsel's effectiveness and are therefore upheld.

Appellant further alleged that his trial counsel had a business and/or personal relationship with the principals of the company from which the check that was forged was stolen. Counsel testified that he had no business relationship with the company and had never been paid by anyone from that company. The only relationship apparent from the record was that appellant's counsel had represented the owner's father once, as a public defender. Further, trial counsel had once assisted the company's owner in seeking approval from the district court to act as a bondsman. Counsel advised the court at trial and at the postconviction hearing that he explained these matters to Nance prior to trial.

A conflict of interest places a defense attorney in a situation inherently conducive to divided loyalties. *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1985). The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another. *Id.* A conflict of interest must be actual rather than speculative or hypothetical before a conviction can be overturned on the ground of ineffective assistance of counsel. *Id.*

The record in this case is devoid of any divided loyalties on the part of trial counsel. Neither of the parties whom counsel had met, the owner or his father, was a witness at Nance's trial. There is no merit to appellant's conflict of interest argument, and the district court was correct in denying relief on that basis.

The other errors assigned by appellant allege, in essence, that his postconviction counsel was ineffective and incompetent. This court has often held that on appeals from postconviction actions, we will not consider a question, as an assignment of error, not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Casper*, 219 Neb. 641, 365 N.W.2d 451 (1985). Obviously, appellant's allegations of ineffective assistance of counsel at his postconviction hearing could not have been raised in his first postconviction motion. A defendant is entitled to bring a

second proceeding for postconviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion. *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983). Appellant's avenue for challenging the competence and effectiveness of his postconviction counsel is a second postconviction action, where a record could be established as to his attorney's actions or inactions.

The order of the district court for Douglas County entered on June 11, 1987, is affirmed.

AFFIRMED.