**Keith E. SMITH, Petitioner,**

v.

**John DAHM, Respondent.**

**No. CV90–L–252.**

United States District Court,
D. Nebraska.

Oct. 9, 1991.

Keith E. Smith, pro se.

Wesley Scott Dodge, Omaha, Neb., for petitioner.

Don Stenberg, Atty. Gen., J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM OF DECISION

URBOM, Senior District Judge.

The Magistrate Judge David L. Piester recommended on May 8, 1991, that the petitioner's application for a writ of habeas corpus be granted. The respondent has objected, arguing that the record does not support a conclusion of fundamental miscarriage of justice, that the record contradicts the conclusion that there is no indication that the petitioner was instructed to direct his request for counsel to the district court, that the Supreme Court of Nebraska does not have the authority or responsibility to appoint appellate counsel, and that the report and recommendation fail to articulate a basis for the conclusion that the petitioner is possessed of a colorable claim of innocence. I conclude that the magistrate judge's report and recommendation are accurate in the final conclusion.

I disagree with the respondent as to the matter of a fundamental miscarriage of justice. The petitioner's right to counsel on appeal has not been afforded him. Until

it is, there will have been a fundamental miscarriage of justice.

After the defendant's appointed counsel was permitted to withdraw, the defendant on three occasions asked the Supreme Court of Nebraska for appointment of counsel. On September 14, 1988, a notation on the Supreme Court's docket sheet says, "Motion of appellant, pro se, for appointment of counsel denied without prejudice to filing such application in the district court." A similar notation appears on the docket sheet dated October 24, 1988, saying, "Motion of appellant, pro se, for appointment of counsel denied without prejudice to filing such application in the appropriate district court." Whether notice of those rulings was sent to the defendant does not appear from the file, but presumably it was. An additional motion for appointment of counsel was filed in the Supreme Court of Nebraska on November 28, 1988, but the record does not show a disposition of the motion. It does not appear that application was made to the District Court of Lincoln County, Nebraska, for counsel until after the Supreme Court of Nebraska's mandate that affirmed the conviction on February 3, 1989. The defendant did apply to the Lincoln County District Court for counsel thereafter on July 17, 1989, and October 13, 1989, to pursue his motion for post-conviction relief.

The affirmance of the petitioner's conviction on direct appeal was without opinion and was without a finding that the issues raised by the petitioner were frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). An appeal of the denial of post-conviction relief was dismissed when the petitioner failed to submit a brief to the Supreme Court of Nebraska within required time restraints, despite granted extensions of time.

In *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the court held:

"[W]here the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."

While the same right does not apply to post-conviction proceedings, the basic right on direct appeal has been regularly reaffirmed, including the 1987 case of *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The defendant was denied that right. It is true that he was told that his application for appointment of counsel was "without prejudice" to his applying to the district court, but it seems to me the burden is not upon him to make sure that he understands what that wording means and to make the appropriate application to the "appropriate" district court, but rather the burden is upon the state to see that he has competent counsel during the appellate process, absent a voluntary waiver by him.

This defendant is admittedly mentally deficient. That fact was clear from the testimony at the trial and the record before the trial court and the Supreme Court of Nebraska contained several declarations of that fact. While sentencing the defendant, the trial court said that he hoped that "the people down at the penitentiary upon the initial interview would place you in one of the regional centers" because he thought with the "problem that you have mentally that you don't belong behind the walls ..." Exhibit 1, p. 186–7. I do not know whether the defendant understood that he was to apply to the District Court of Lincoln County for substitute counsel. I do know that he applied three times to the Supreme Court of Nebraska; that the action was pending at that time in the Supreme Court of Nebraska and not in the District Court of Lincoln County, Nebraska; that the defendant did not apply to the District Court of Lincoln County, Nebraska, during the pendency of the matter in the Supreme Court of Nebraska; and that the defendant was mentally deficient. Given those facts, I feel compelled to say that I think the defendant was deprived of the fundamental right to counsel during his one and only direct appeal.

That it was the district court, rather than the Supreme Court of Nebraska, that had counsel-appointing power under § 29–1804.-07, Neb.Rev.Stat. (Reissue 1989) is of no

consequence. It was the *state's* obligation to furnish counsel and it did not do so.

Is that sufficient to show "cause" and "prejudice" for his procedural defaults? I am not sure, but I think so. The quotation from *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) that appears in the magistrate judge's report and recommendation points in that direction. If it is necessary for the petitioner now to make some showing of innocence, I think he has accomplished that. A full reading of the transcript of the proceedings at his trial certainly leaves an impression that he may be innocent, given the conflicting testimony about the clothes he is claimed to have been wearing at the time of the crimes, as compared with the clothing found in his home shortly thereafter, the disparity between the size of the shoes he may have been wearing and the size of the footprints in the snow outside the motel he is accused of having attempted to rob, and the claim that he left the scene by automobile when he had no automobile. The bill of exceptions leaves an impression, at least, of uncertainty of his guilt. That is not all. He now has submitted, as he did to the Supreme Court of Nebraska, a letter from Vern O'Neal, a private investigator who examined the defendant by polygraph after the trial. That letter says in part:

"Keith tested amazingly well, and cleared the examination with ease. He passed.

.    .    .    .    .

We are now certain Keith Smith did not commit the crime as charged."

The investigator also pointed out that:

"[T]here are so many glaring contradictions, evidence that did not fit Keith Smith, including the footprints measured in the snow at the scene of the crime as 11½ inch (sic) long, and Keith's shoes and footprint measured 13¼ inch (sic) long.

.    .    .    .    .

The police just tried to put the wrong man in those small shoes. The clothes didn't match or fit the right colors either . . ."

Exhibit 3.

The prosecution's principal evidence was the eyewitness testimony of two persons, identifying the defendant, a person whom they said they had never seen before.

The defendant testified that he did not attempt to rob the motel and has maintained that position since.

I agree with the magistrate judge that the direct appeal should be reinstated so that he can through counsel assert all of the arguments that could have been raised on direct appeal but were not.

## JUDGMENT

IT IS ORDERED that the petitioner's application for a writ of habeas corpus is granted, unless within 45 days after this judgment becomes final, including any appeal from it, the State of Nebraska and the Supreme Court of Nebraska reinstate the petitioner's direct appeal, providing him with the appointment of counsel.

## REPORT AND RECOMMENDATION

DAVID L. PIESTER, United States Magistrate Judge.

This is a habeas corpus proceeding challenging the petitioner's convictions, in the District Court of Lincoln County, Nebraska for attempted robbery and possession of a knife during commission of a felony. Petitioner was convicted on March 29, 1988 and sentenced on April 26, 1988, receiving terms of imprisonment of three and one-half to ten years and one and one-half to three years, respectively, to be served consecutively. A direct appeal was filed to the Nebraska Supreme Court. Petitioner's court-appointed counsel on appeal withdrew from representing him after petitioner had sued his lawyer in this court under 42 U.S.C. § 1983. Counsel's motion to withdraw was granted, and petitioner's subsequent motions for the appointment of substitute counsel were denied. The convictions were affirmed without opinion on January 20, 1989.

Petitioner then filed a post-conviction action pursuant to *Neb.Rev.Stat.* § 29–3001, *et seq.*, in the District Court of Lincoln County, Nebraska. The district court denied relief without a hearing. Petitioner filed a notice of appeal of that decision to the Nebraska Supreme Court. Because the petitioner did not timely submit a brief in support of the appeal, however, the appeal was dismissed on May 24, 1990.

Thereafter the petitioner filed this action, seeking relief on five grounds:

1. He was provided ineffective assistance of counsel at trial in violation of the Sixth Amendment, when his trial counsel failed to:

    a) object to a photo lineup;

    b) object to evidentiary trial errors and prosecutorial misconduct; and

    c) to sufficiently prepare petitioner's defense by meeting with the petitioner to plan trial strategy.

2. There was insufficient evidence to convict the petitioner, in violation of the due process clause.

3. Illegally seized evidence was used against the petitioner at trial, in violation of the Fourth Amendment.

4. The prosecution failed to disclose favorable evidence to the petitioner and his counsel prior to trial, in violation of the due process clause.

5. Petitioner received ineffective assistance of counsel on the direct appeal of his conviction when his appellate counsel withdrew from representation and failed to file a brief in his behalf in the Nebraska Supreme Court.

As in many habeas cases, determining whether the petitioner has procedurally defaulted on any of his claims, and determining whether such defaults might bar consideration of claims in this court requires a rather intricate unraveling of a messy entanglement. None of petitioner's claims has been presented to the Nebraska Supreme Court in proper fashion.

On direct appeal the petitioner's court-appointed counsel withdrew because he had

a conflict of interest. The conflict arose from petitioner's filing an action against him in this court pursuant to 42 U.S.C. § 1983. The Nebraska Supreme Court granted the motion to withdraw, but did not appoint substitute counsel. Petitioner filed no less than two motions for appointment of substitute counsel, and eventually, filed a *pro se* brief outlining some of his claims.[1] The Nebraska Supreme Court denied the motions for appointment of substitute counsel, and summarily affirmed petitioner's conviction. The affirmance was without opinion, and without a finding that the issues raised by the petitioner were frivolous. *See, Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Thereafter petitioner instituted a motion for post-conviction relief in the state district court, and filed a notice of appeal of the denial of such relief. When petitioner failed to submit a brief to the Nebraska Supreme Court within its rules, even though granted extensions of time to do so, the appeal was dismissed. Thus, no grounds for relief were submitted to the Nebraska Supreme Court on collateral review.

In order to excuse these procedural defaults and have this court consider his claims, petitioner has the burden of demonstrating "cause" for and "prejudice" from his procedural defaults. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, in *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court held:

However, as we also noted in *Engle,* "[i]n appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration." 456 U.S., at 135 [102 S.Ct. at 1576]. We remain confident that, for the most part, "victims of a fundamental miscarriage of

---

**1.** In his *pro se* brief submitted to the Nebraska Supreme Court the petitioner argued ineffective assistance of counsel at trial, and his *Brady* claim, that the state failed to disclose favorable evidence.

justice will meet the cause-and-prejudice standard." Ibid. But we do not pretend that this will always be true. Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

477 U.S. at 495–96, 106 S.Ct. at 2649. The Court went on to explain that the effective assistance of counsel serves as a major safeguard against miscarriages of justice. Allowing the failure of effective assistance of counsel to be "cause" (if properly exhausted) would, in the eyes of the majority, remedy the manifest injustice feared by Justices Stevens and Blackmun, concurring. *Id.* at 496, 106 S.Ct. at 2649. *Compare, Murray v. Carrier,* 477 U.S. 478, 499–505, 106 S.Ct. 2639, 2651–54, 91 L.Ed.2d 397 (Stevens, J., concurring).

In this case the petitioner argues that the finding of guilt was not supported by sufficient evidence to sustain his conviction. This claim was not raised in his *pro se* brief to the Nebraska Supreme Court on direct appeal, nor in his *pro se* motion for post-conviction relief in the state district court. It is raised for the first time in this action. In order to have been properly raised before the Nebraska Supreme Court, it should have been made part of his direct appeal, for the failure to raise such claims available on direct appeal will result in denial of post-conviction relief. *See, State v. Ohler,* 215 Neb. 401, 338 N.W.2d 776 (1983). In my view, the failure of the Nebraska Supreme Court to appoint substitute counsel for the petitioner on his direct appeal after his appellate counsel withdrew, or alternatively to cause the state district court to do so, denied the petitioner the effective assistance of counsel on appeal, and permits an inquiry into the petitioner's colorable claim of innocence.

In *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court held that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. In Nebraska, a direct appeal is guaranteed to a criminal defendant who has been convicted of a felony, by the provisions of the Nebraska Constitution, Article 1, Section 23. Although the Court in *Douglas* was not precise on whether the right to counsel was based on due process or equal protection, that issue was clarified in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), wherein the court determined that the right to counsel on an appeal as of right is a matter of due process. *Id.* at 402–405, 105 S.Ct. at 839–40.

In this case there is no showing or even argument made that the petitioner exercised a voluntary, intelligent waiver of his right to counsel and elected to proceed *pro se* on appeal. See, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The only record before this court is two notations in the Nebraska Supreme Court's "Case Action Summary," dated September 14, 1988 and again on October 24, 1988, which state, "Motion of appellant, pro se, for appointment of counsel denied without prejudice to filing such application in the appropriate district court." There is no indication that petitioner was instructed to direct his request to the district court, nor, if he did so, how the district court responded. In any event, the petitioner filed at least one subsequent request in the Nebraska Supreme Court for appointment of counsel, which was overruled on January 20, 1989 with the granting of the state's motion for summary affirmance. It is clear that petitioner did not have counsel on appeal, despite his requests for counsel, and that his initial appellate counsel's withdrawal was not related to the merits of his arguments. *Anders, supra.*

Petitioner claims that he is innocent of the crimes for which he has been convicted, and argues that a number of inconsistencies in the evidence before the trial court skewed the jury's verdict against him. Petitioner argues that this "colorable claim of innocence" should excuse his procedural default within the provisions of *Murray,* quoted above, so that this court may re-

view his other claims. The Supreme Court did not explain in *Murray* whether the habeas court is to determine "actual innocence," or refer that matter to the state courts.[2] In this instance, the fact that the insufficiency of evidence is a claim that petitioner wishes to raise, and which became procedurally barred as a result of his failure to raise it on his direct appeal, on which he was unrepresented by counsel, persuades me that this inquiry should be undertaken by the state courts in the first instance. Petitioner's lack of counsel on direct appeal violated his due process rights under *Douglas v. California, supra,* and the direct appeal should be reinstated so that he can, through counsel, assert all of the arguments that could have been raised on direct appeal but which were not. Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B), that the petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be granted, unless within a reasonable time after the entry of judgment the state of Nebraska and the Nebraska Supreme Court reinstate the petitioner's direct appeal, providing him with the appointment of counsel.

The parties are hereby notified that unless objection is made within 10 days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated May 8, 1991.

---

**2.** *See, Olsen v. McFaul,* 843 F.2d 918 (6th Cir. 1988) ("Actual innocence" applied by appellate court when facts were undisputed and habeas petitioner was innocent *as a matter of law*).