STATE OF NEBRASKA, APPELLEE, V. RODNEY L. STEWART, ALSO KNOWN AS SHAKUR ABDULLAH, APPELLANT.
496 N.W.2d 524

Filed March 5, 1993.   No. S-92-356.

Shakur Abdullah (Rodney L. Stewart), pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

Rodney L. Stewart, also known as Shakur Abdullah, who is serving a life sentence for first degree murder and 15 to 50 years for shooting with intent to kill, wound or maim, appeals the decision of the district court for Douglas County denying his second motion for postconviction relief. We affirm.

In January 1975, Stewart, then 16 years old, shot both Thomas Ehlers and Daniel Evans during an argument over drugs supplied to Stewart by Ehlers and Evans. Stewart then poured gasoline in the van in which they all had been riding and set it afire. Evans' escaped from the vehicle and survived his injuries. Ehlers died from a gunshot wound to his head.

Following a jury trial, during which he was represented by a Douglas County public defender, Stewart was found guilty of first degree murder and of shooting with intent to kill, wound, or maim. He was sentenced to death on the murder charge and to 15 to 50 years imprisonment on the charge of shooting with intent to kill, wound, or maim. On his direct appeal to this

court, Stewart alleged that the trial court erred, inter alia, in failing to (1) suppress his confession, (2) accept his guilty plea, and (3) instruct the jury on manslaughter. Although Stewart's convictions were upheld on direct appeal, his death sentence was reduced to life imprisonment. *State v. Stewart*, 197 Neb. 497, 250 N.W.2d 849 (1977).

In 1983, Stewart filed a motion for postconviction relief in the district court for Douglas County under the provisions of Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989). He alleged that (1) he was denied effective assistance of counsel during his trial, (2) the trial court erred in refusing to instruct the jury regarding manslaughter, (3) the trial court improperly refused the guilty plea he tendered to the court, and (4) the element of malice was never established.

The district court appointed new counsel to represent Stewart in the postconviction proceeding filed in 1983. Following a hearing on the matter, in which Stewart's trial counsel testified, the district court overruled Stewart's motion for postconviction relief. After that ruling was appealed to this court, Stewart's counsel moved to withdraw pursuant to Neb. Ct. R. of Prac. 3B on the ground that the appeal was frivolous. The motion was granted and the judgment appealed from was affirmed. *State v. Stewart*, 218 Neb. xxxiii (case No. 84-681, January 11, 1985).

Rule 3B states, in relevant part, that "[a] motion of court appointed counsel to withdraw shall state the reason for the request, and shall be served on opposing counsel and the defendant." We have held that the disposition of a direct appeal pursuant to Neb. Ct. R. of Prac. 3B is a disposition on the merits. See, *State v. Nance*, 227 Neb. 581, 418 N.W.2d 600 (1988); *State v. Bean*, 224 Neb. 278, 398 N.W.2d 104 (1986). Rule 3B includes actions seeking postconviction relief. *State v. Harper*, 214 Neb. 911, 336 N.W.2d 597 (1983). In *Harper*, we cited *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in setting standards for counsel filing motions to withdraw pursuant to Rule 3B. *Harper*, 214 Neb. at 916, 336 N.W.2d at 600. In *Anders*, the U.S. Supreme Court stated that in the course of a direct appeal, "if counsel finds his case to be wholly frivolous, after a conscientious examination

of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Later, the U.S. Supreme Court in *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), rejected the argument that "*Anders* procedures should be applied to a state-created right to counsel on postconviction review just because they are applied to the right of counsel on first appeal. . . ." 481 U.S. at 556. We therefore overrule *Harper* to the extent that it implies that *Anders* procedures must be followed in postconviction proceedings in which counsel files a motion to withdraw on the grounds that an appeal is wholly frivolous. In any event, Stewart has not, in his second postconviction proceeding, claimed that it was error for this court to dispose of his first postconviction relief motion pursuant to Rule 3B.

Stewart has also filed a number of actions in federal court, of which we take judicial notice. On September 3, 1980, Stewart filed a petition in the U.S. District Court for the District of Nebraska for a writ of habeas corpus in which he alleged that he was denied due process, in part, because the trial court admitted into evidence his confession which had been given without prior advice that he could be prosecuted as an adult. See U.S. District Court file CV 80-L227. On December 16, 1981, the U.S. District Court rejected this claim and dismissed Stewart's petition. On appeal to the U.S. Court of Appeals for the Eighth Circuit, that court remanded the case to the district court to give Stewart an opportunity to amend his petition and delete claims that had not been exhausted in Nebraska state courts. *Stewart v. Parratt*, 682 F.2d 757 (8th Cir. 1982).

On January 16, 1986, Stewart filed a petition in federal district court for a writ of habeas corpus, in which he again alleged, in part, that the trial court erred in receiving into evidence his confession which had been given without prior advice that he could be prosecuted as an adult. See U.S. District Court file CV 86-L51. Stewart also alleged that he received ineffective assistance of counsel at his trial and that his confession was erroneously admitted into evidence because it had been given in response to interrogating officers' promises

to ask for lenient treatment for Stewart. On June 27, 1986, Stewart filed an amended petition for writ of habeas corpus in the federal district court. Stewart made additional allegations including that of ineffective assistance of counsel on his direct appeal to this court. The federal district court denied Stewart's petition on October 20, 1987. That court rejected Stewart's arguments that he had received ineffective assistance of counsel at trial and that his confessions were improperly admitted into evidence. The trial court's holdings were affirmed on appeal to the U.S. Court of Appeals for the Eighth Circuit. *Stewart v. Grammer*, 871 F.2d 1091 (8th Cir. 1988).

A second motion for postconviction relief was filed in the Douglas County District Court by Stewart on January 27, 1992. In it, he alleged violations of the Fifth, Sixth, and 14th Amendments of the U.S. Constitution, and violations of Neb. Const. Art. I, §§ 3, 11, and 12. Stewart also filed a Motion for Appointment of Counsel and Evidentiary Hearing. In a Supplemental Amended Petition filed April 15, 1992, Stewart alleged additional violations involving U.S. Const. art. IV, § 2, cl. 1, and the Tenth Amendment and of Neb. Const. art. I, §§ 13, 19, 23, and 26. Stewart could have raised these claims or litigated them in his first postconviction proceeding. He did not do so. Under Nebraska's procedural law, those claims may not be litigated in a second postconviction proceeding. See Neb. Rev. Stat. § 29-3001 (Reissue 1989) and *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991), *cert. denied*, ____ U.S. ____, 111 S. Ct. 2279, 115 L. Ed. 2d 965.

The district court overruled Stewart's 1992 motion for postconviction relief, and declined to hold an evidentiary hearing or to appoint counsel for Stewart. Stewart's 19 assignments of error to this court combine to claim that the trial court erred in (1) denying Stewart's fundamental right to perfect his own direct appeal to this court, (2) admitting his confession into evidence, and (3) denying Stewart's claim of ineffective assistance of counsel during the trial, direct appeal, and in the first proceeding for postconviction relief. Stewart has not assigned as error the district court's denial of his motions for appointment of counsel and for a evidentiary hearing.

In an appeal from a denial of a motion for postconviction relief, the lower court's findings will be upheld unless clearly erroneous. *State v. Victor, ante* p. 306, 494 N.W.2d 565 (1993). A motion for postconviction relief cannot be used to secure review of issues *which were or could have been litigated* on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Otey, supra.*

Stewart's claim that his confession was improperly admitted into evidence was addressed in his direct appeal and in his federal court actions. His claim of ineffective assistance of counsel with regard to his trial counsel was raised in his first postconviction proceeding and in federal court. Nebraska's procedural law expressly provides that all of these claims, having been litigated either in courts of this state or in federal courts, are precluded from consideration in this appeal. *Id.*

In his first postconviction proceeding when Stewart had new counsel, he could have raised his claim of ineffective assistance of counsel during his direct appeal and he could have raised his claim that he was denied his fundamental right to perfect his own direct appeal. Therefore, under Nebraska's procedure, Stewart is expressly foreclosed from raising those claims in a second postconviction proceeding. See § 29-3001 and *State v. Otey, supra.* Therefore, we will not now address those claims.

We next consider Stewart's claim that he had ineffective assistance of counsel at his first postconviction proceeding.

It was in *State v. Ohler*, 215 Neb. 401, 338 N.W.2d 776 (1983), that we first improvidently held that a defendant could, in a second postconviction relief motion, complain of ineffective assistance of counsel in the defendant's first postconviction proceeding. That holding was based upon *Sims v. State*, 295 N.W.2d 420 (Iowa 1980). In deciding *Sims*, the Iowa court relied on Iowa's postconviction statute that provided

> [a]ny ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in . . . any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent [postconviction] application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or

was inadequately raised in the original . . . application.
*Id*. at 422 (quoting Iowa Code § 663A.8).

In *State v. Nance*, 227 Neb. 581, 418 N.W.2d 598 (1988), citing *State v. Ohler, supra*, we held that "[a] defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time of the filing of the first motion." *Nance*, 227 Neb. at 584-585, 418 N.W.2d at 601. We explained: "Obviously, appellant's allegations of ineffective assistance of counsel at his postconviction hearing could not have been raised in his first postconviction motion." *Id*.

In *State v. Meis*, 233 Neb. 355, 445 N.W.2d 610 (1989), citing *State v. Ohler, supra*, and *State v. Nance, supra*, without citing other authority, we held that "[t]he defendant is entitled to bring this second proceeding for postconviction relief because the grounds relied upon, ineffective assistance of postconviction counsel, did not exist at the time of the filing of the first motion for postconviction relief." *Meis*, 233 Neb. at 359, 445 N.W.2d at 613. Following this line of reasoning would lead a person to believe that postconviction relief motions could be filed ad infinitum. Such is not the law in this state. Nebraska's postconviction relief proceedings are purely statutory. Neb. Rev. Stat. § 29-3001 (Reissue 1989), provides in part:

> A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

In regard to more than one motion for postconviction relief, § 29-3001 provides that "[the] court *need not entertain a second motion or successive [postconviction relief] motions for similar relief on behalf of the same prisoner.*" (Emphasis supplied.) The only types of relief that can be sought under the act are provided in the act itself, that is, to vacate and set aside the judgment and discharge the prisoner or resentence him or grant a new trial as may appear appropriate. That is the relief that

Stewart has sought in each of his postconviction relief proceedings.

The federal constitution has been interpreted to provide that a defendant in a criminal case where imprisonment is imposed has the right to assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court ruled the same in *State v. Green*, 238 Neb. 492, 471 N.W.2d 413 (1991). The United States Supreme Court and this court have held that the term "assistance of counsel" means *"effective"* assistance of counsel. *Strickland v. Washington, supra; State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989). The U.S. Supreme Court has also held that the assistance of counsel provision in the U.S. Constitution applies to direct appeals only. See *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). The *Finley* court declared that "a defendant has no federal constitutional right to counsel when . . .attacking a conviction that has long since become final upon exhaustion of the appellate process." 481 U.S. at 555. (Citations omitted.) As the *Finley* court stated, postconviction relief is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide a postconviction relief procedure, and when they do, the fundamental fairness mandated by the Due Process Clause of the U.S. Constitution does not require that the State supply a lawyer as well. See *Pennsylvania v. Finley, supra*.

In *Coleman v. Thompson*, ____ U.S. ____, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the U.S. Supreme Court held that because there is no constitutional right to an attorney in state postconviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." 111 S. Ct. at 2566. The Nebraska Constitution's provision for assistance of counsel in a criminal case is no broader than its counterpart in the federal constitution. We, therefore, hold that a prisoner cannot claim constitutionally ineffective assistance of counsel as a result of an attorney's service in a postconviction proceeding. We overrule *State v. Ohler, supra, State v. Nance, supra*, and *State v. Meis, supra*,

insofar as they conflict with the holding in *Coleman v. Thompson* that a prisoner has no claim of ineffective assistance of counsel in a postconviction proceeding.

Since Stewart had separate and different counsel at his trial, on his direct appeal, and on first postconviction proceeding, his claim of ineffective assistance of counsel during his first postconviction proceeding is without merit.

We have reviewed all of Stewart's arguments in his second postconviction proceedings and find that none of them has merit and that the district court for Douglas County was correct in denying him postconviction relief.

The decision of the district court is affirmed.

AFFIRMED.